# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RESCARE,**
**Employer Below, Petitioner**

**vs.)   No. 13-0277**  (BOR Appeal No. 2047659)
(Claim No. 2011023960)

**BONNETTA COEBURN,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner ResCare, by Aimee L. Morgan-Stern and Denise D. Klug-Pentino, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bonnetta Coeburn, by Gregory S. Prudich, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 14, 2013, in which the Board affirmed an August 27, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's February 28, 2011, decision that held the claim compensable for a left lateral tibia plateau fracture but denied temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Coeburn worked as a home healthcare aide for ResCare. On January 17, 2011, Ms. Coeburn was trying to keep a client from breaking a window in her home and from hurting herself or someone else in the home when the client lost her balance. Then, Ms. Coeburn lost her balance and fell. Steven B. O'Saile, D.O., began treating Ms. Coeburn for her compensable injury on January 19, 2011, and did not release her to return to work until June 6, 2011. The

1

claims administrator held the claim compensable for a left lateral tibia plateau fracture but denied temporary total disability benefits.

The Office of Judges modified the claims administrator's decision and ordered temporary total disability benefits to be paid from January 17, 2011, to June 6, 2011. The Board of Review affirmed the Order of the Office of Judges. The Board of Review applied a different reasoning than the Order of the Office of Judges and relied on the fact that Ms. Coeburn had not reached her maximum medical improvement nor was she medically certified to return to work. On appeal, ResCare disagrees and asserts that Ms. Coeburn is not entitled to temporary total disability benefits pursuant to West Virginia Code of State Rules § 85-1-5.1 (2009) because she continued to perform her contractual duties for Southern Highlands for forty-two hours a week and received payment for those duties. It further asserts that Ms. Coeburn's payment from Southern Highlands is not a government benefit received for her disabled son but rather income for her as an independent contractor. Ms. Coeburn maintains that Dr. O'Saile, treated her for the compensable injury beginning on January 19, 2011, and did not release her to return to work until June 6, 2011.

The Office of Judges and Board of Review both agreed that Ms. Coeburn should receive temporary total disability benefits from January 17, 2011, to June 6, 2011, but relied on different reasoning. The Office of Judges relied on West Virginia Code § 23-4-6(b) (2005) that states if an injury causes temporarily and totally disability then a claimant should receive benefits based on earnings, wherever earned, at date of injury. The Office of Judges found that Ms. Coeburn was unable to perform her job as a home healthcare provider for ResCare. It also found that she was not disabled from caring for her autistic son. The Office of Judges concluded that the fact that Ms. Coeburn was able to care for her son during this time is completely irrelevant and does not disqualify her from receiving temporary total disability benefits.

The Board of Review found that Ms. Coeburn's job duties with ResCare and her duties under a state/federally funded program of the Social Security Act were not similar. The Board of Review pointed out that Ms. Coeburn was required with ResCare to leave her home and take her clients places but she was not required to leave her home under the state/federally funded program of the Social Security Act. The Board of Review, therefore, concluded that Ms. Coeburn had not reached her maximum medical improvement nor had she been medically certified to return to work until June 6, 2011. This Court agrees with the conclusion of the Board of Review. Ms. Coeburn was treated by Dr. O'Saile for her compensable injury beginning on January 17, 2011, and was not released to return to work until June 6, 2011, nor was she found to be at her maximum medical improvement. This Court finds that Ms. Coeburn is entitled to temporary total disability benefits from January 17, 2011, until June 6, 2011.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II